IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RECEIVED
FEB 2 ~ 2019
CLERK OF COURT

PHILLIP DOUGLAS JACOBS,

      Petitioner

v.

STATE OF OHIO, et al.,
OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,
OHIO ADULT PAROLE AUTHORITY, et al.,
**LYNEAL WAINWRIGHT, (Warden)**

      Respondent.

CASE NO: 2:19cv709

Judge Sargus

MAGISTRATE JUDGE VASCURA

COMPLAINT FOR DECLARATORY JUDGMENT ORDER

PETITION FOR WRIT OF PROHIBITION

    Petitioner Phillip Douglas Jacobs, herein, advance the instant Complaint for a declaratory judgment order and writ of prohibition, pursuant to 28 U.S.C. §2201 and 28 U.S.C. §1651.

1. Petitioner states that he is being subject(ed) to illegal detention in violation of his rights to due process of law, and the equal protection of the law.

2. He further states that the parties against whom this instrument is concerned, are in violation of the Ex Post Facto Clause.

3. He states that the Office of the Governor of the State of Ohio, the Ohio Department of Rehabilitation And Correction, And the Ohio Adult Parole Authority, effected legislation (House Bill 365), which operates retroactively and increases petitioner's punishment subsequent to the judgment entry entered by the state trial court, or operate otherwise to the disadvantage of petitioner.

WHERE:

a.) Petitioner's sentence, parole and sentences have already been served.

b.) The May 24, 1985, judgment of the state trial court has already been satisfied.

c.) Consequently, the state of Ohio, the Ohio Department of Rehabilitation And Correction, nor any of its agencies or departments have authority or jurisdiction to reincarcerate petitioner under his state satisfied sentences, as could be extended to a lawful state court order. Or that attach under the judgment of a court of competent jurisdiction.

4.) Petitioner states that all such parties are and continue to be divested of subject-matter and personal jurisdiction.

5.) Petitioner states that he has a right of expectation of finality to his sentences served, as an entitlement under old law House Bill 511, and as applied and extended by Revised Code §2929.61.

6.) Under the "old law" petitioner is entitled to 8 months and 15 days to the year.

7.) His sentencing judgment entry (Case No. 85-158, Mahoning County, Ohio), was entered May 24, 1985. That Judgment Entry connects no other prison terms to be served, with the 35 to 55 year sentences imposed.

8.) Petitioner states that under any circumstances that would include other prison sentences to be served, yet not included within the May 24. 1985, "JOURNAL ENTRY". That would render the Entry not in compliance with state Crim R. 32(C).
**United States vs. Adkins**, 729 F.3d 559 (6th Cir. 2013)

9.) Petitioner states that implementation of House Bill 365 attaches to a series of state legislation passed, and signed into law for the purpose and effect of creating a sufficient increase beyond that initially imposed by the sentencing court., as is shown in petitioner's case.

WHEREFORE, petitioner prays for relief as this Court deems necessary.

### DELARATORY RELIEF SOUGHT

That the parties are in violation of petitioner's due process and equal protection of the law rights.

That respondents implementation of state legislation law violate the Ex Post Facto Clause, as termed, or applied. In House Bill 365.

### PROHIBITION RELIEF SOUGHT

That respondent be prohibited from applying House Bill 365, to the circumstances of petitioner's case.

That the respondents be prohibited from continuing petitioner's detention under the Judgment Entry of Case No. 85-158, entered on May 24, 1985.

That repondents be prohibited from imposing any other sentence or condition that exceed their lawful exercise of authority or jurisdiction to do so.

DATED: February 17, 2019
Signed under penalty of perjury,
28 U.S.C. 1746.

Respectfully submitted,

Phillip Douglas Jacobs
185-106

Indictment for: AGGRAVATED ROBBERY – R.C. 2911.01 (A)(1) – TWO COUNTS
HAVING WEAPONS WHILE UNDER DISABILITY –
R.C. 2923.13 (A)(2) – TWO COUNTS – AND
FELONIOUS ASSAULT – R.C. 2903.11 (A)(2) – TWO COUNTS

THE STATE OF OHIO, MAHONING COUNTY, ss.

In the Court of Common Pleas, Mahoning County, Ohio, of the Term of _____January_____ in the year of our Lord one thousand nine hundred and __eighty-five__.

The Jurors of the Grand Jury of the County of Mahoning and State of Ohio, then and there duly impaneled, sworn and charged to inquire of and present all offenses whatever committed within the limits of said County, on their said oaths, in the name and by the authority of the State of Ohio, do find and present: That

PHILLIP JACOBS

late of said County, _____

_____, at the County of Mahoning aforesaid

**FIRST COUNT:** did, on the 12th day of July, 1984, in committing or attempting to commit a theft offense, as defined in Section 2913.01 of the Revised Code, against the persons of Richard Saul and Ellis Griffey, employees of California Wine Shop, 1813 Belmont Avenue, Youngstown, Ohio, or in fleeing immediately after such attempt or offense, have a deadly weapon, to-wit: a gun, on or about his person or under his control;

SPECIFICATION: The Grand Jurors further find and specify that Phillip Jacobs had a firearm on or about his person or under his control while committing the offense of Aggravated Robbery;

**SECOND COUNT:** on the 12th day of July, 1984, knowingly acquired, had, carried or used a certain firearm, to-wit: a Handgun, loaded, having been previously convicted of a felony of violence, to-wit: Second Degree Murder, Preble County, Ohio, Court Of Common Pleas Case No. 5167, on March 8, 1972;

**THIRD COUNT:** did, on the 28th day of July, 1984, in committing or attempting to commit a theft offense, as defined in Section 2913.01 of the Revised Code, against the person of Louis DiNardo, an employee of Church's Fried Chicken, 2841 Market Street, Youngstown, Ohio, or in fleeing immediately after such attempt or offense, have a deadly weapon, to-wit: a gun, on or about his person or under his control;

SPECIFICATION: The Grand Jurors further find and specify that Phillip Jacobs had a firearm on or about his person or under his control while committing the offense of Aggravated Robbery;

**FOURTH COUNT:** did, on the 28th day of July, 1984, knowingly acquired, had, carried or used a certain firearm, to-wit: a .25 Caliber Automatic, loaded, after having been previously convicted of a felony of violence, to-wit: Second Degree Murder, Preble County, Ohio, Court Of Common Pleas Case No. 5167, on March 8, 1972;

**FIFTH COUNT:** did, on the 28th day of July, 1984, knowingly cause or attempt to cause physical harm to Officer Robin Lees of the Youngstown Police Department by means of a deadly weapon, to-wit: a gun;

SPECIFICATION: The Grand Jurors further find and specify that Phillip Jacobs had a firearm on or about his person or under his control while committing the offense of Felonious Assault;

MAY 24, 19 85

This is a true copy of the original INDICTMENT
Filed in Case No. 85-CR-158
ANTHONY VIVO, Clerk of Courts
By _____ Deputy

CONTINUED

Exhibit A

A-77

SIXTH COUNT: did, on the 28th day of July, 1984, knowingly cause tempt to cause physical harm Officer William Powell of the Young Police Department by means of a deadly weapon, to-wit: a gun;

SPECIFICATION: The Grand Jurors further find and specify that Phillip Jacobs had a firearm on or about his person or under his control while committing the offense of Felonious Assault;

CLERK OF COURTS
MAHONING COUNTY, OH
FILED

MAR 21 10 25 AM '85

ANTHONY VIVO, CLERK

contrary to the statute in such case made and provided, and against the peace and dignity of the State of Ohio, R.C. 2911.01 (A)(1); 2923.13 (A)(2) And 2903.11 (A)(2).

_Gary L. Van Brocker_
Prosecuting Attorney.

Counts 1,3,5 & 6 - AF-1
Counts 2 & 4 - - - F-4

The State of Ohio, Mahoning County, ss.

I,_____

Clerk of the Court of Common Pleas, in and for said County, do hereby certify that the within and foregoing is a full, true and correct copy of the original indictment, together with the endorsements thereon, now on file in my office.

Witness my hand and the seal of said Court at Youngstown, Ohio, this_____day of _____19____

_____Clerk

By_____Deputy

On this_____day of_____19_____
Defendant arraigned, and pleads_____
guilty to this indictment.

_____Clerk.

No. 85 CR-158

JANUARY Term, 19 85

COURT OF COMMON PLEAS,
MAHONING COUNTY, O.

THE STATE OF OHIO,
vs.
PHILLIP JACOBS
c/o Mahoning County Jail
Youngstown, Ohio.

INDICTMENT FOR
AGGRAVATED ROBBERY - TWO COUNTS
HAVING WEAPONS WHILE UNDER DISABILITY - TWO COUNTS
FELONIOUS ASSAULT - TWO COUNTS

A TRUE BILL
_John McCarthy_
Foreman of the Grand Jury

Filed _____ 19__

_Gary L. Van Brocker_
Prosecuting Attorney

JUDGE HOUSER

A-23

[Left column partially cut off:]

>tive alternative to incarceration
>me time not totally depriving the
the right to operate their grocery
Mustafa, Nos. 62041 and 62042
pp, Cuyahoga, 3-4-93).

>urt has jurisdiction to consider
r consider anew an application
>bation provided the motion is
he thirty-day period between the
the sixtieth day after sentencing
>, No. CA 2912 (5th Dist Ct App
3).

>ffender has been delivered into
f the institution in which he is to
>nce, a trial court's power to sus-
>n of the sentence, imposed is
>ock" probation. State v. Wheeler
L 1976) 49 Ohio Misc. 41, 361
: O.O.3d 210, 3 O.O.3d 346.

>4 cannot be utilized to suspend
sentence after an offender has
d into the custody of the institu-
he is to serve his sentence. State
hio Com.Pl. 1976) 49 Ohio Misc.
2d 564, 2 O.O.3d 210, 3 O.O.3d

>on of sentence
ution of sentence has begun, trial
ot amend sentence to increase
In re Zilba (Lucas 1996) 110 Ohio
>73 N.E.2d 997.

sentence involves imprisonment,
>entence is commenced, and trial
ot amend sentence to increase
when defendant is delivered from
tention facility of judicial branch
tution of executive branch. In re
1996) 110 Ohio App.3d 258, 673

>ntence has been executed, a trial
t modify a sentence except as pro-
the legislature pursuant to RC
State v. Addison (Ohio App. 1987)
3d 7, 530 N.E.2d 1335.

>rt's denial of a motion to vacate
>gal errors in a criminal sentence,
> time for appeal of the sentence
>d after execution of sentence had
a final appealable order review-
appeals court. State v. Shinkle
1986) 27 Ohio App.3d 54, 499
>7 O.B.R. 57.

judge retains authority to modify
te sentence where the original
>sly designated that sentencing
>pleted at a later time and where
completion of the sentence was
at defendant's request. City of

Columbus v. Messer (Ohio App. 1982) 7 Ohio App.3d 266, 455 N.E.2d 519, 7 O.B.R. 347.

The Ohio department of rehabilitation and correction has no authority and, therefore, no duty to independently determine whether to abrogate or modify a prisoner's or parolee's sentence under 1975 H 300, § 3, eff. 11-21-75, which enacted RC Ch 2925 and amended RC Ch 3719; the prisoner or parolee must petition the court of original sentencing which will determine whether to abrogate or modify a sentence. OAG 75-082.

### 6. Work release

The time a prisoner spends at work in compliance with a court order for work release is counted as jail time served under a sentence of confinement imposed for a misdemeanor conviction. Hoff v. Wilson (Ohio 1986) 27 Ohio St.3d 22, 500 N.E.2d 1366, 27 O.B.R. 440.

A work release order pursuant to RC 2929.51(D)(3) must be clear and definite, unambiguous, and not subject to dual interpretations, so that a sheriff cannot be held in contempt of court for failing to release a defendant for work under an ambiguous order. Marysville v Wilson, No. C4-94-8, 1994 WL 378992 (3d Dist Ct App, Union, 7-20-94).

### 7. Community correctional program

Pursuant to RC 2929.51, a trial court is required to refer an offender to a community correctional facility for a written recommendation after imposing sentence and before conveying the offender into the custody of the cor-

rectional institution in which the sentence is to be served if a community correctional facility has been established in the county wherein the trial court sits. State v Farris, No. 88 CA 67 (7th Dist Ct App, Mahoning, 11-16-88).

A sentencing court in a county with a community-based correctional facility and program has a mandatory duty to notify the facility that sentence has been passed upon a felony offender and to afford it access to such offender for the purpose of making recommendations concerning such offender to the sentencing court; failure to do so will result in a reversal and remanding of the sentence. State v Farris, No. 88 CA 67 (7th Dist Ct App, Mahoning, 11-16-88).

### 8. Fines

Statute pursuant to which court could permit payment of fine in installments, provided that maximum period for payment did not exceed two years, did not mean that, upon lapse of two-year period, court could no longer seek to collect fine. State v. Burke (Gallia 1993) 91 Ohio App.3d 514, 632 N.E.2d 1324.

### 9. Conditions of suspension

A life-long restriction on owning or possessing a firearm as a condition of suspension of sentence of a defendant convicted of inducing panic when he fired several gunshots into the air is not reasonable and is an abuse of discretion. State v Hanauer, No. 14492, 1995 WL 259191 (2d Dist Ct App, Montgomery, 5-3-95).

## 2929.61 Applicable law according to time of offense; may be chosen by person to be sentenced

(A) Persons charged with a capital offense committed prior to January 1, 1974, shall be prosecuted under the law as it existed at the time the offense was committed, and, if convicted, shall be imprisoned for life, except that whenever the statute under which any such person is prosecuted provides for a lesser penalty under the circumstances of the particular case, such lesser penalty shall be imposed.

(B) Persons charged with an offense, other than a capital offense, committed prior to January 1, 1974, shall be prosecuted under the law as it existed at the time the offense was committed. Persons convicted or sentenced on or after January 1, 1974, for an offense committed prior to January 1, 1974, shall be sentenced according to the penalty for commission of the substantially equivalent offense under Amended Substitute House Bill 511 of the 109th General Assembly. If the offense for which sentence is being imposed does not have a substantial equivalent under that act, or if that act provides a more severe penalty than that originally prescribed for the offense of which the person is convicted, then sentence shall be imposed under the law as it existed prior to January 1, 1974.

STATE OF OHIO ) IN THE COURT OF COMMON PLEAS
COUNTY OF MAHONING ) Case No. 85 CR 158

STATE OF OHIO, )
    PLAINTIFF )
)
-vs- ) JUDGMENT ENTRY
)
PHILLIP JACOBS, )
    DEFENDANT )

    This cause came on to be heard on the 24th day of May, 1985, on the matter of sentence, the jury having returned the verdict of guilty to the First, Fifth and Sixth Counts of the indictment. The State of Ohio came represented by Assistant Prosecuting Attorney Michael P. Rich and the defendant came represented by Attorney Edward A. Sowinski, Jr. The defendant was also in Court.

    The Court inquired of the defendant whether he had anything to say in mitigation of sentence pursuant to Rule 32 of the Rules of Criminal Procedure. Defendant replied as will be reflected in the record. The Court also inquired of counsel for the defendant whether or not he had anything to say in mitigation of punishment. Counsel replied as will be reflected in the record.

    The Court then proceeded to sentence: It is the sentence of this Court on Count 1 of the indictment for the crime of Aggravated Robbery, a violation of Ohio Revised Code 2911.01 (A)(1), an aggravated felony of the first degree, that the Defendant, Phillip Jacobs, be taken from here to the Mahoning County Jail and thence to the Columbus, Ohio, Correctional Facility to be imprisoned for an indefinite term of not less than ten (10) years nor more than twenty-five (25) years, the minimum term shall be imposed as a term of actual incarceration. Further, the jury

having found the defendant guilty of the specification to Count One of the indictment that the defendant had a firearm on or about his person, it is the sentence of the Court that the defendant shall serve a term of actual incarceration of three (3) years, said term to commence prior to the imposition of the sentence for Aggravated Robbery.

The Court then proceeded to sentence on the Fifth Count. The Court inquired of the defendant whether he had anything to say in mitigation of sentence pursuant to Rule 32 of the Rules of Criminal Procedure. Defendant replied as will be reflected in the record. The Court also inquired of counsel for the defendant whether or not he had anything to say in mitigation of punishment. Counsel replied as will be reflected in the record.

It is the sentence of this Court that for the crime of Felonious Assault, a violation of Ohio Revised Code 2903.11 (A)(2), that the Defendant, Phillip Jacobs, be taken from here to the Mahoning County Jail and thence to the Columbus, Ohio, Correctional Facility to be imprisoned for an indefinite term of not less than eight (8) years, nor more than fifteen (15) years. Further, the jury having found the defendant guilty of the specification to Count Five of the indictment that the defendant had a firearm on or about his person, it is the sentence of the Court that the defendant shall serve a term of actual incarceration of three (3) years, said term to commence prior to the imposition of the sentence for Felonious Assault.

The Court then proceeded to sentence on the Sixth Count. The Court inquired of the defendant whether he had anything to say in mitigation of sentence pursuant to Rule 32 of the Rules of Criminal Procedure. Defendant replied as will be reflected in the record. The Court also inquired of counsel for the defendant

- 2 -

whether or not he had anything to say in mitigation of punishment. Counsel replied as will be reflected in the record.

The Court then proceeded to sentence on the Sixth Count: It is the sentence of this Court that for the crime of Felonious Assault, a violation of Ohio Revised Code 2903.11 (A) (2), that the Defendant, Phillip Jacobs, be taken from here to the Mahoning County Jail and thence to the Columbus, Ohio, Correctional Facility to be imprisoned for an indefinite term of not less than eight (8) years, nor more than fifteen (15) years. Further, the Jury having found the defendant guilty of the specification to Count Six of the indictment that the defendant had a firearm on or about his person, it is the sentence of the Court that the defendant shall serve a term of actual incarceration of three (3) years, said term to commence prior to the imposition of the sentence for Felonious Assault.

It is the further order of this Court that the sentences imposed on the First, Fifth and Sixth Counts of the indictment shall be served consecutive with one another and that the sentences for each specification shall be consecutive with and prior to the sentences imposed on Counts One, Five and Six and consecutive with each other.

_____
LLOYD V. JENKINS, JUDGE

This is a true copy of the original Sentencing Entry Filed in Case No. 75-CR-158
ANTHONY VIVO, Clerk of Courts
By _____ Deputy CLK
Jan 8, 2018



# Mahoning County Sheriff Department

21 W. Boardman Street • Youngstown, Ohio 44503 • 216/744-0201

THE, INFORMATION LISTED BELOW WILL SERVE AS A RECORD OF CREDIT FOR TIME SERVED BY AN INMATE IN THE MAHONING COUNTY CORRECTIONAL FACILITY:

NAME: JACOBS, PHILLIPS D.

CASE NO.s: 85-CR-158 ( SEE CERTIFIED COPY OF SENTENCE REF. BELOW)

SENTENCE (minimum & maximum): 10 TO 25 YRS, 8 TO 15 YRS & 8 TO 15 YRS

DATE OF ARREST: 1-26-85    38 DAYS CREDIT

DATE OF ARRIVAL AT COUNTY JAIL: 3-5-85

DATE OF DEPARTURE FROM COUNTY JAIL: 5-29-85    85 DAYS CREDIT

TOTAL CREDIT DAYS DUE: 123

CERTIFIED BY COUNTY OF MAHONING
EDWARD P. NEMETH
SHERIFF

SWORN TO AND SUBSCRIBED BEFORE ME, THIS 29TH DAY OF May 19 85.

Joann C. Riel, Notary Public
My Commission Expires Oct. 30, 1987.
NOTARY PUBLIC

EXHIBIT G

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 532
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

:ONARD GREEN
CLERK

TERESA M. BERTKE
(513) 564-7023

Filed: March 21, 2000

Phillip Douglas Jacobs
North Central Correctional Institute
#185-106
P.O. Box 1812
Marion, OH 43301-1812

Stuart W. Harris
Office of the Attorney General
Corrections Litigation Section
140 E. Town Street
14th Floor
Columbus, OH 43215-6001

RE: 99-4127
In re:Phillip Jacobs vs.
District Court No. 94-01910

Enclosed is a copy of an order which was entered today in the above-styled case.

(Ms.) Teresa Bertke
Case Manager

Enclosure

cc:
Honorable Lesley Brooks Wells
Ms. Geri M. Smith

No. 99-4127

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

MAR 21 2000

LEONARD GREEN, Clerk

In re: PHILLIP DOUGLAS JACOBS,

    Movant.

)
)
)
)
)
)
)
)
)
)
)

ORDER

Before: NORRIS, MOORE, and COLE, Circuit Judges.

    Phillip Douglas Jacobs seeks an order from this court, pursuant to 28 U.S.C. § 2244, authorizing the district court to consider a second motion for habeas corpus relief under 28 U.S.C. § 2254.

    Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, which amended § 2244, requires that a state prisoner cannot file a second or successive habeas corpus petition in the district court until the court of appeals issues an order authorizing the district court to consider the second petition. The appellate court may grant an applicant permission to file a second habeas or successive petition under § 2244(b)(2) only if the court can certify that:

    1) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

No. 99-4127
- 2 -

2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

3) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

The applicant is required to make a prima facie showing that he is entitled to relief under § 2244 before permission to file his second petition may be granted.

In 1985, Jacobs was convicted of aggravated robbery and felonious assault. He was sentenced to thirty-five to fifty-five years of imprisonment. Jacobs's first habeas corpus petition was dismissed as meritless. In his request to file a second habeas petition, Jacobs argues that the prosecutor engaged in misconduct and that his indictment was flawed.

Upon review, we grant Jacobs's request to file a second §2254 petition in the district court. The case is remand to the district court to consider Jacobs's request for relief.

                        ENTERED BY ORDER OF THE COURT

                        *Leonard Green*
                             Clerk

# Ohio Parole Board Decision

| Inmate Last Name: | Inmate First Name: | # Prefix: | Inmate Number: |
|---|---|---|---|
| JACOBS | PHILLIP | A | 185106 |

**Current Hearing Identifier:**

| Hearing Month (mmm yyyy) | Type Of Hearing: | Record Number: | Date Of Hearing: |
|---|---|---|---|
| Jan 2006 | 1st/2nd FIRST | | 11/17/2005 |

**Offense(s) Of Conviction:**

| | |
|---|---|
| 2903.11 | 2911.01 |
| 2903.11 | 2950.081 |

1. Category  8  for the conviction
   A. Guideline Section No.(s):  321 B1
   B. Details of the conviction behavior. Only state the facts that support the specific offense category, which corresponds to the offense(s) of conviction:

   Inmate is serving a sentence for the crimes of Agg. Robbery, Fel. Assault, and Fel. Assault.

   C. The equivalent SB2 sentence range for this (these) sentences(s) of conviction is  84-312 months cs/w108 AJG

| 2. Criminal History/Risk Score:  4 | 3. The Guideline Range is  0 - 108  months. |
|---|---|

4. Total Time Served:  274  months - arrived at by - A. Prison Time:  270  months + B. Jail Time Credit:  4  months
   TPV Arrest Date: _____

5.  0  infractions that resulted in a new conviction for felony criminal conduct committed in a prison facility/or while in custody. Only state the facts that support the specific offense category, which corresponds to the offense(s) of conviction.

| Category for new conviction: | Section No.(s): | Criminal History/Risk Score: | Guideline Range: |
|---|---|---|---|
| | | | - |

Details of Conviction Behavior:

| Inmate Last Name: Jacobs | Inmate First Name: Phillip | # Prefix: A | Inmate Number: 185106 |
|---|---|---|---|
| First Statutory Eligibility Date (mmm yyyy): November 2005 Actual | Type of Hearing: CONTINUED | | Date of Hearing: 05/15/2014 |

1. Offense(s) Of Conviction:
   2903.11 Felonious assault 1 counts; 2903.11 Felonious assault 1 counts; 2911.01 Aggravated robbery 1 counts; 2903.02 Murder 1 counts;

   Aggregate sentence per Journal Entry: 9GUN+LIFE-LIFE

2. Parole Violators (if applicable)

   ☐ TPV

   ☐ PVR    EST: _____    Sentence: _____

   Offense(s) of Conviction: _____

3A. ☐ The mandatory factors indicated in AR 5120:1-1-07 were considered.

3B. Rationale: Cite specific factors relevant to the offense and offender:

4. The above-indicated factors support one or all of the following reasons cited in AR 5120:1-1-07 for continued incarceration.

   A. ☐ There is substantial reason to believe that the inmate will engage in further criminal conduct, or that the inmate will not conform to such conditions of release as may be established under AR 5120:1-1-12.

   B. ☐ There is substantial reason to believe that due to the serious nature of the crime, the release of the inmate into society would create undue risk to public safety, or that due to the serious nature of the crime, the release of the inmate would not further the interest of justice or be consistent with the welfare and security of society.

   C. ☐ There is substantial reason to believe that due to serious infractions of division level 5120:9-06 of the Administrative Code, the release of the inmate would not act as a deterrent to the inmate or to other institutionalized inmates from violating institutional rules.

   D. ☒ Not applicable.

5A. Time Served to Date: 358 months    TPV Arrest Date (if applicable): _____

   arrived at by — A. Prison Time: 348 months + B. Jail Time Credit: 10 months

B. Remaining Time to be Served: *(cannot exceed the maximum sentence)*

   To next hearing  5  months    To Release _____ months

6A. Recommendation: _____ RESCHEDULED _____ 10/01/2014

B. CON

7. Hearing Panel

| Board Member Signature: Michael H Jackson  5/15/2014 | Board Member: MHJ |
|---|---|
| Hearing Officer Signature (if applicable): | Hearing Officer (if applicable): |

DRC3039 E (Rev. 03/2013)    *A release recommendation is subject to review and approval by the Parole Board Chair, and is not final until actual release from custody occurs. The physical release may be stopped by the Parole Board Chair up to and including the day of release if significant new information is received that was not considered at the release hearing. Significant new information can include institution rule infractions and/or a petition from the Office of Victim Services for a Full Board hearing pursuant to section 5149.101 of the Ohio Revised Code.

# Ohio | Department of Rehabilitation & Correction

John R. Kasich, Governor
Gary C. Mohr, Director

770 W. Broad Street Columbus, Ohio 43222

Thursday, June 11, 2015 11:47 AM

## REENTRY ACCOUNTABILITY PLAN

| Inmate: A185106 JACOBS, PHILLIP | 7\|62 | Inst: MCI | DOB: 09/12/1943 |
|---|---|---|---|

| | | |
|---|---|---|
| A. | Prior Convictions (Adult or Juvenile): | 0 |
| B. | Prior Commitments of More than 1 Year Adult or Juvenile): | 0 |
| C. | Recent Commitment Free Period (three years): | 0 |
| D. | Probation/Parole/Confinement/Escape status of violator this time: | 0 |
| E. | Prior Probation/Parole Revocations: | 0 |
| F. | Older Offender: | -1 |
| G. | Sex Offender | |
| | PSI Available: YES | RISK SCORE: 0 |

### DYNAMIC ASSESSMENT

| | | |
|---|---|---|
| I. | Education: | No need for improvement |
| II. | Marital/Family Interaction: | No need for improvement |
| III. | Associates/Social Interaction: | Some need |
| IV. | Substance Abuse: | No need for improvement |
| V. | Community Functioning: | No need for improvement |
| VI. | Personal/Emotional Orientation: | No need for improvement |
| VII. | Attitude: | Some need |
| VIII. | Employment: | No need for improvement |
| | PSI Available: NO | |

| R/W/S | DATE | PROGRAM TYPE | A/D | PROGRAM NAME | D/T/C DATE | |
|---|---|---|---|---|---|---|
| R | 01/12/2010 | Community Function | A | THINKING FOR A CHANGE | 12/24/2013 | D |
| R | 11/15/2006 | Attitude | A | VICTIM AWARENESS | 04/02/2014 | D |

Inmate Signature: _[signature]_  DATE: 6-10-15

Reentry Plan Coordinator:
Signature: _Kathy Camleun_  DATE: 6/11/15

http://dotsportal/reports/RRAP1.aspx?par=A185106;   6/11/2015

"THE STATE OF OHIO BILL TEXT > OHIO 132ND GENERAL ASSEMBLY -- 2017-18 REGULAR SESSION > HOUSE BILL 365

**Synopsis**

A BILL
To amend sections: 109.42, 121.22, 149.43, 2903.08, 2903.11, 2903.12, 2905.01, 2905.32, 2907.02, 2907.03, 2907.05, 2907.07, 2919.22, 2919.25, 2921.321, 2921.36, 2923.132, 2925.01, 2925.02, 2925.03, 2925.04, 2925.041, 2925.05, 2925.11, 2929.01, 2929.14, 2929.142, 2929.15, 2929.19, 2929.191, 2929.20, 2929.61, 2930.16, 2943.032, 2953.08, 2967.01, 2967.021, 2967.03, 2967.13, 2967.14, 2967.19, 2967.191, 2967.193, 2967.26, 2967.28, 2971.03, 3719.99, 5120.021, 5120.113, 5120.53, 5120.66, and 5149.04 and to enact sections 2901.011, 2929.144, 2967.271, and 5120.038 of the Ohio Revised Code to provide for indefinite prison terms for first or second degree felonies and specified third degree felonies, with presumptive release of offenders sentenced to such a term at the end of the minimum term; to generally allow the Department of Rehabilitation and Correction to reduce the minimum term for exceptional conduct or adjustment to incarceration; to allow the Department to rebut the release presumption and keep the offender in prison up to the maximum term if it makes specific findings; to require the Department to establish a reentry program for all offenders released from prison who it intends to have reside in a halfway house or similar facility but who are not accepted by any such facility; to require the Adult Parole Authority to establish maximum work-load and case-load standards for its parole and field officers and have enough trained officers to comply with the standards; to require that GPS monitoring used for offenders released from prison under such monitoring specify restrictions, including inclusionary zones and necessary exclusionary zones; to require the Department to establish system requirements for GPS monitoring of such offenders by the Department or third-party contract administrators; to require the Department to operate a statewide database for law enforcement use containing specified information about such offenders; to require that third-party administrators for GPS monitoring under a new contract with the Dept. provide and use a law enforcement-accessible crime scene correlation program; and to name the act's provisions the Reagan Tokes Act.
\*\*\*

Sec. 2929.01. As used in this chapter:
\*\*\*
(FFF) "Non-life felony indefinite prison term" means a prison term imposed under Division (A)(1)(a), 2(A), or 3(A)(I) of Section 2929.14 and Section 2929.144 of the Revised Code for a felony of the first or second degree committed on or after the effective date of this amendment or a felony of the third degree that is described in Division (A)(3)(a) of Section 2929.14 of the Revised Code and committed on or after that effective date.
\*\*\*

Sec. 2967.271.
(A) As used in this section:
(1) "Offender's minimum prison term" means the minimum prison term imposed on an offender under a non-life felony indefinite prison term, diminished as provided in Section 2967.191 or 2967.193 of the Revised Code or in any other provision of the Revised Code, other than Division (F) of this section, that provides for diminution or reduction of an offender's sentence.
(2) "Offender's presumptive earned early release date" means the date that is determined under Division (F) of this section by the reduction of an offender's minimum prison term.
(3) "Security level" means the security level in which an offender is classified under the inmate classification level system of the Department of Rehabilitation and Correction that then is in effect.
(4) "Sexually orientated offense" has the same meaning as in Section 2950.01 of the Revised Code.

(B) When an offender is sentenced to a non-life felony indefinite prison term, there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.

(C) The presumption established under Division (B) of this section is a rebuttable presumption that the Department of Rehabilitation and Correction may rebut as provided in this division. Unless the Department

rebuts the presumption, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier. The Department may rebut the presumption only if the Department determines, at a hearing, that one or more of the following appies:
(1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:
(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demontrate that the offender has not been rehabilitated.
(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in Division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.
(2) Regardless of the security level in which the offender is classifed at the time of the hearing, the offender has been placed by the Department in extended restrictive housing at any time within the year preceding the date of the hearing.
(3) At the time of the hearing, the offender is classified by the Department as a security level three, four, or five, or at a higher security level."
"(D)(1) If the Department of Rehabilitation and Correction, pursuant to Division (C) of this section, rebuts the presumption established under Division (B) of this section, the Department may maintain the offender's incarceration in a state correctional institution under the sentence after the expiration of the offender's minimum prison term or, for offenders who have a presumptive earned early release date, after the offender's presumptive earned early release date. The Department may maintain the offender's incarceration under this division for an additional period of incarceration determined by the Department, and shall not exceed the offender's maximum prison term.
(2) If the Department maintains an offender's incarceration for an additional period under Division (D)(1) of this section, there shall be a presumption that the offender shall be released on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the Department as provided under that division or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date that is specified by the Department as provided under that division. The presumption is a rebuttable presumption that the Department may rebut, but only if it conducts a hearing and makes the determinations specified in Division (C) of this section, and if the Department rebuts the presumption, it may maintain the offender's incarceration in a state correctional institution for an additional period determined as specified in Division (D)(1) of this section, unless the Department rebuts the presumption at the hearing, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the Department or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date as specified by the Department. The provisions of this division regarding the establishment of a rebuttable presumption, the Department's rebuttal of the presumption, and the Department's maintenance of an offender's incarceration for an additional period of incarceration apply, and may be utilized more than one time, during the remainder of the offender's incarceration. If the offender has not been released under Division (C) of this section or this division prior to the expiration of the offender's maximum prison term, imposed as part of the offender's non-life felony indefinite prison term, the offender shall be released upon the expiration of that maximum term.

(E) The Department shall provide notices of hearings to be conducted under Division (C) or (D) of this section in the same manner, and to the same persons, as specified in Section 2967.12 and Chapter 2930 of the Revised Code with respect to hearings to be conducted regarding the possible release on parole of an inmate.

(F)(1) Except as provided in Division (F)(3) of this section, the Department of Rehabilitation and Correction, pursuant to this division, may grant an offender serving a non-life felony indefinite prison term a reduction in the offender's minimum prison term imposed under that non-life felony indefinite prison term for the offender's